Filed 5/20/25  P. v. Jones-Carnes CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DAVONNTAY JONES-CARNES,<br><br>Defendant and Appellant. | C101116<br><br>(Super. Ct. No. 19FE000142) |

Defendant Davonntay Jones-Carnes appeals from a resentencing hearing after we remanded his case for that purpose.  (*People v. Jones-Carnes* (Mar. 6, 2023, C095850) [nonpub. opn.] (*Jones-Carnes*).)  In this appeal, defendant contends the resentencing court erred by failing to entertain his objection to the sentence based on the Racial Justice Act (Stats. 2020, ch. 317) (Act) and by misunderstanding the extent of its discretion when

1

applying Penal Code[1] sections 654, 1170, and 1385. The People disagree, but contend remand is necessary for the court to strike or impose and then stay a firearm enhancement. We conclude the court did not abuse its discretion and it is clear it intended to stay the firearm enhancement the People seek to clarify. Accordingly, we modify the judgment to reflect the resentencing court's intended sentence and affirm the judgment as modified.

## FACTUAL AND PROCEDURAL BACKGROUND

"On December 28, 2018, defendant shot Anthony D. in a grocery store parking lot. The altercation started when defendant dropped some coins on the ground in the store and a group of Anthony's friends laughed at defendant. Upon leaving the store, defendant got in his car and drove to Anthony's group, which was standing near Anthony's friend's car. Defendant got out of his car and fired six rounds from his gun at the group, two of which hit Anthony. One of these bullets left Anthony paralyzed from the waist down. Later, it was discovered that the car defendant was driving had been stolen and the gun defendant used had also been stolen.

"Defendant was charged with attempted murder with alleged gun enhancements under . . . sections 12022.5, subdivision (a) and 12022.53, subdivisions (b), (c), and (d); assault with a semiautomatic firearm with alleged great bodily injury and personal use of a firearm enhancements; concealed possession of a firearm; and driving a vehicle valued at more than $950 without consent of the owner. The jury found defendant guilty of all offenses and found all enhancements true. Defendant filed a motion to dismiss all enhancements, and the trial court granted the motion as to the enhancements under section 12022.53, subdivisions (c) and (d). The motion was denied as to the great bodily

---

[1]      Undesignated section references are to the Penal Code.

2

injury enhancement and the enhancements under sections 12022.5, subdivision (a) and 12022.53, subdivision (b)." (*Jones-Carnes*, *supra*, C095850, fn. omitted.)

Defendant was sentenced on March 4, 2022. "The court imposed seven years to life for the attempted murder conviction, 10 years for the gun enhancements attached to that conviction, two years for the possession of a concealed weapon conviction, and eight months for the unlawful driving of a vehicle conviction. The trial court stayed the sentence for the assault with a deadly weapon conviction and associated enhancements without imposing a term of years, citing section 654. The court appeared to impose sentence on the gun enhancements concurrently pursuant to sections 12022.5, subdivision (a) and 12022.53, subdivision (b) because it selected 10 years under both sections without staying imposition of either sentence." (*Jones-Carnes*, *supra*, C095850.)

In our prior opinion, we concluded remand was required for the trial court to impose sentence for the assault with a deadly weapon conviction and its associated enhancements and then decide whether to stay that sentence under section 654 or the sentence for defendant's attempted murder conviction and associated enhancements. (*Jones-Carnes*, *supra*, C095850.) We also directed the court to impose and then stay a term for the section 12022.5 firearm enhancement attached to the attempted murder conviction since the court had already imposed a term for the 12022.53, subdivision (b) firearm enhancement attached to that count. (*Jones-Carnes*, *supra*, C095850.) As part of our remand order, we further directed the court to "entertain any sentencing objections then raised by defendant." (*Ibid.*)

On remand, defendant filed a sentencing brief detailing his extensive childhood trauma, lack of criminal history, and his youth at the age of 21 at the time of the offense. In his brief, defendant requested the court stay imposition of the attempted murder conviction under section 654, strike enhancements under section 1385, and sentence all counts and enhancements to no greater than the middle term under section 1170,

3

subdivision (b).  At the resentencing hearing, defendant moved for a continuance so he could investigate a potential claim under the Act.  The court denied the motion because the Act was in effect at the time of defendant's initial sentencing hearing, and defendant did not bring a motion under that authority at his sentencing hearing or raise the issue on appeal.  Defendant then argued for the court to strike enhancements under section 1385.  He also argued his youth and progress while in custody weighed in favor of the court exercising its discretion under section 654 to stay the sentence for the attempted murder conviction and associated enhancements.

The resentencing court stayed the sentence on the assault with a deadly weapon conviction and its associated enhancements, which amounted to 11 years, because the seriousness of defendant's conduct was accurately represented by the attempted murder conviction and sentence.  As for the attempted murder conviction, the court imposed seven years to life.  As for the firearm enhancements attached to the attempted murder conviction, the court imposed 10 years, expressly naming both sections 12022.5 and 12022.53, subdivision (b) as authority for imposition but failing to stay or strike either enhancement.

Defendant appeals.

## DISCUSSION

### I

*The Court Did Not Err By Denying Defendant's*

*Motion To Continue To Investigate A Claim Under The Act*

Defendant contends the resentencing court erred by denying his motion to continue to investigate a potential claim under the Act because our dispositional order provided that the court shall entertain any sentencing objection raised by defendant.  We disagree.

After a remittitur issues, " 'the trial court is revested with jurisdiction of the case, but only to carry out the judgment as ordered by the appellate court.' " (*People v. Hargis*

4

(2019) 33 Cal.App.5th 199, 204.)  "In general, when a judgment is reversed and remanded with directions, ' "those directions are binding on the trial court and *must* be followed." '  [Citations.]  The order of the appellate court, as stated in the remittitur, defines the scope of the trial court's jurisdiction to act, and action [that] does not conform to the reviewing court's directions is unauthorized and void."  (*In re J.M.* (2024) 103 Cal.App.5th 745, 755, quoting *Ayyad v. Sprint Spectrum, L.P.* (2012) 210 Cal.App.4th 851, 860.)  When the reviewing court remands the matter for further proceedings, the trial court must read its directions along with the entire opinion.  (*Ayyad*, at p. 859.)

"We review de novo a claim that the trial court did not follow the directions contained in the dispositional language of our previous opinion.  [Citation.]  We look to the wording of our directions, read in conjunction with the opinion as a whole."  (*Ruegg & Ellsworth v. City of Berkeley* (2023) 89 Cal.App.5th 258, 264; see also *Ayyad v. Sprint Spectrum, L.P.*, *supra*, 210 Cal.App.4th at p. 859.)

Our prior opinion directed the court to "entertain any sentencing objections" raised by defendant.  (*Jones-Carnes*, *supra*, C095850.)  Indeed, on remand defendant raised sentencing arguments not specified in the dispositional language, e,g., under sections 1385 and 1170.  The resentencing court considered those arguments as part of its obligations during a full resentencing.  (See *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["the resentencing court may consider 'any pertinent circumstances [that] have arisen since the prior sentence was imposed' "]; see also *People v. Lopez* (2025) 17 Cal.5th 388, 400 [laws that retroactively apply to a defendant's nonfinal case shall be entertained at a resentencing hearing].)  Importantly, however, our remittitur did not purport to direct the court on how to exercise its discretion.  (*Jones-Carnes*, *supra*, C095850.)  Thus, while the remittitur vested the court with jurisdiction to consider sentencing objections it did not dictate how it shall rule.

5

As to defendant's request to investigate a claim under the Act, the Act was codified in section 745 and permits a court to exercise its discretion to deem a motion under section 745 waived, if the motion was not brought as soon as practicable. (§ 745, subd. (c).) Our remittitur vested the resentencing court with jurisdiction to exercise its discretion to excuse waiver and address the merits of defendant's claim or to deny defendant's motion on timeliness grounds as permitted by section 745, subdivision (c). Thus, the court did not rule contrary to the remittitur by finding defendant's motion under the Act was untimely, and accordingly denying his motion to continue.

Defendant's reliance on *People v. Garcia* (2022) 85 Cal.App.5th 290 is misplaced. There, the appellate court concluded the trial court abused its discretion by failing to grant the defendant a continuance to investigate a claim under the Act. (*Garcia*, at pp. 297-298.) The defendant, however, was sentenced before the effective date of the Act, making his claim under the Act timely and his continuance necessary to prepare. (*Garcia*, at p. 298.) As discussed, that is not the case here.

II

*The Resentencing Court Did Not Abuse Its Discretion By Imposing*

*Sentence For The Section 12022.53, Subdivision (b) Firearm Enhancement*

Defendant contends the resentencing court's imposition of sentence for the section 12022.53, subdivision (b) enhancement may not have been intended or, in the alternative, constituted an abuse of discretion. We disagree.

First, it is clear the resentencing court selected the section 12022.53, subdivision (b) firearm enhancement as the sentence to be executed in association with defendant's attempted murder conviction. The court clearly intended to select an enhancement with a 10-year term. The section 12022.53, subdivision (b) firearm enhancement provides only for a 10-year term. The resentencing court did not consider a triad of sentencing options, indicating it was not considering the section 12022.5 firearm enhancement as the sentence to be executed, which provides for a triad of sentencing

6

options peaking at 10 years.  (§ 12022.5, subd. (a).)  The resentencing court further did not strike the section 12022.53, subdivision (b) enhancement even though defendant requested it to do so.  Thus, it is clear the court selected the section 12022.53, subdivision (b) firearm enhancement as the sentence to be executed in association with defendant's attempted murder conviction.

Second, contrary to defendant's appellate contention, the resentencing court heard and considered defendant's argument the enhancements should be stricken.  While the court did not expressly rule on the motion, it impliedly did so by sentencing defendant to the section 12022.53, subdivision (b) firearm enhancement and failing to strike the section 12022.5 firearm enhancement.  (See *People v. Carmony* (2004) 33 Cal.4th 367, 378; see also *People v. Weddington* (2016) 246 Cal.App.4th 468, 492 ["On appeal, we presume that the trial court followed established law and thus properly exercised its discretion in sentencing a criminal defendant"].)  To the extent defendant assigns error to the resentencing court for not being clearer, that error is forfeited because defendant did not object to the lack of clarity in the resentencing court or otherwise attempt to secure a more specific ruling as to his section 1385 argument.  (*People v. Brewer* (2000) 81 Cal.App.4th 442, 461 [failure to secure ruling on a motion forfeits the issue on appeal].)

Third, the resentencing court did not abuse its discretion in declining to strike one or both of the firearm enhancements.  Effective January 1, 2022, Senate Bill No. 81 (2021-2022 Reg. Sess.) amended section 1385 to add subdivision (c), which requires a trial court to dismiss an enhancement "if it is in the furtherance of justice to do so." (§ 1385, subd. (c)(1); see Stats. 2021, ch. 721, § 1.)  In exercising its discretion, "the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present.  Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would

7

endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." (§ 1385, subd. (c)(2).) The mitigating circumstances include where multiple enhancements are alleged in a single case and the current offense is connected to childhood trauma. (§ 1385, subd. (c)(2)(B), (2)(E).)

We review a trial court's denial of "a motion to dismiss a sentence enhancement under section 1385 for abuse of discretion." (*Nazir v. Superior Court* (2022) 79 Cal.App.5th 478, 490.) "A court abuses its sentencing discretion when it acts arbitrarily and capriciously, relies on improper matter in reaching its decision, or is unaware of the scope of its discretion so that it does not exercise informed discretion at all." (*People v. Knowles* (2024) 105 Cal.App.5th 757, 765.)

Defendant contends the resentencing court abused its discretion because it did not find that defendant endangered the public before imposing the section 12022.53, subdivision (b) gun enhancement, despite the fact he experienced significant childhood trauma and there were multiple enhancements. But the enhancements attached to the attempted murder conviction could not be executed at the same time (§ 12022.53, subd. (f)), meaning inclusion of both resulted in no practical difference. Further, this is not a case where the court completely failed to consider section 1385's mitigating factors. At defendant's first sentencing hearing, the court exercised its discretion under section 1385 to strike defendant's section 12022.53, subdivisions (c) and (d) firearm enhancements. The resentencing court appeared to have agreed with that exercise of discretion, presumably giving great weight to the fact defendant's parole eligibility date was beyond 20 years and defendant's crime appeared to be, in part, motivated by his childhood trauma. It was not arbitrary or capricious for the resentencing court to find the striking of the section 12022.53, subdivisions (c) and (d) enhancements was sufficient to account for the great mitigating weight defendant's childhood trauma and long sentence

8

provided. Accordingly, the resentencing court did not err by declining to strike the firearm enhancements attached to the attempted murder conviction.

III

*The Resentencing Court Did Not Abuse Its Discretion By Declining*

*To Stay Sentence For The Attempted Murder Conviction Under Section 654*

Defendant contends the resentencing court failed to give adequate weight to his youth, trauma, and postconviction progress when deciding which sentence to stay under section 654—either his attempted murder conviction, which included an indeterminate term, or his assault with a deadly weapon conviction, amounting to 11 years. We disagree.

Under section 654, an act punishable by more than one provision of law can be punished by only one provision, and the court has the discretion to impose and execute the sentence of either provision. (*People v. Mani* (2022) 74 Cal.App.5th 343, 379.) The relevant criteria in exercising sentencing discretion include " 'the nature and circumstances of the offense, the defendant's appreciation of and attitude toward the offense, or his[, her, or their] traits of character as evidenced by his[, her, or their] behavior and demeanor at the trial.' " (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 978.) Courts may also consider the sentencing objectives set forth in California Rules of Court, rule 4.410. (*Alvarez*, at p. 978 [discussing former rule pertaining to general sentencing objectives].) Those objectives include protecting society, punishing the defendant, deterring crime, encouraging the defendant to lead a law-abiding life, and preventing the defendant from committing new crimes. (Cal. Rules of Court, rule 4.410(a).)

" ' "[T]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be

9

set aside on review." ' " (*People v. Carmony*, *supra*, 33 Cal.4th at pp. 376-377.) In other words, "a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id*. at p. 377.)

Defendant filed a sentencing brief discussing the mitigating factors applicable to his case and made oral argument regarding those factors as well. These factors predominantly included defendant's traumatic childhood, his youth at the time of the commission of the offense at 21 years old, and his postconviction progress. The court stated it had read defendant's brief and considered his argument. The court further commended defendant for his postconviction progress. Thus, contrary to defendant's appellate argument, the resentencing court considered mitigating factors applicable to him. Still, the court believed the attempted murder and 10-year firearm enhancement under section 12022.53, subdivision (b) more accurately described the seriousness of defendant's conduct when compared to the assault with a deadly weapon conviction. We cannot say that no reasonable person could agree with the resentencing court's decision where defendant fired six rounds at the victim, hitting him and causing him to be paralyzed. Accordingly, there was no abuse of discretion.

IV

*Remand Is Not Required To Clarify The Sentence*

*Imposed For The Section 12022.5 Firearm Enhancement*

Defendant contends the resentencing court abused its discretion by imposing the upper term for the section 12022.5 firearm enhancement. Pursuant to section 1170, subdivision (b) courts may impose the upper term only if aggravating facts were found true beyond a reasonable doubt, which does not appear to have occurred here. This requirement went into effect before defendant's initial sentencing hearing in March 2022. (Stats. 2021, ch. 731, § 1.3.) In fact, this was an argument raised in defendant's first appeal and in his sentencing brief submitted for his resentencing hearing. Yet, at the resentencing hearing, defendant did not argue for a reduced sentence on the

10

section 12022.5 firearm enhancement or object to the court's imposition of a ten-year term. As a result, defendant has forfeited his claim of error on appeal. (*People v. Scott* (1994) 9 Cal.4th 331, 351-356; *People v. Tilley* (2023) 92 Cal.App.5th 772, 778 [the defendant's failure to raise § 1170, subd. (b)(6) forfeited arguments concerning its applicability on appeal].)

The People contend the matter must be remanded for the court to strike or to impose and then stay the sentence for the section 12022.5 firearm enhancement. But as we discussed above, defendant requested the resentencing court to exercise its discretion under section 1385 to strike all enhancements except one and the court did not exercise its discretion regarding the section 12022.5 firearm enhancement attached to the attempted murder conviction, and thus the resentencing court impliedly denied the request. Accordingly, it is clear the resentencing court intended to stay the sentence for the section 12022.5 firearm enhancement, per our earlier direction. We will modify the judgment accordingly. (See *People v. Mendoza* (2016) 5 Cal.App.5th 535, 539 ["When a trial court's intention is clear, we 'need not remand for resentencing, but can modify the judgment to reflect the intent of the trial court' "].)

DISPOSITION

The judgment is modified to stay the 10-year sentence imposed on the section 12022.5 firearm enhancement attached to defendant's attempted murder conviction (count one).  The judgment is affirmed as modified.  The trial court is directed to prepare an amended abstract of judgment and forward it to the Department of Corrections and Rehabilitation.


/s/
ROBIE, J.


We concur:


/s/
HULL, Acting P. J.


/s/
DUARTE, J.

12